UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES MITCHELL and ERIL LIGONDE, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 15-cv-12948-IT |
| MIDDLESEX SHERIFF'S OFFICE and | * | |
| PETER KOUTOUJIAN in his individual | * | |
| and official capacity, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

February 24, 2016

I.      **Introduction**

        Plaintiffs' First Amended Complaint [#9] asserts claims of race discrimination and

retaliation under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, and Mass. Gen.

Laws ch. 151B, and for breach of contract.  Presently before the court is Defendants' Motion to

Dismiss [#10] the First Amended Complaint as to Plaintiff Eril Ligonde.[1]  For the reasons set

forth below, the motion is ALLOWED.

II.     **Facts as Alleged in the Amended Complaint**

        Eril Ligonde is a black corrections officer who is a former employee of the Middlesex

Sheriff's Office ("Sheriff's Office"), the sheriff's department for Middlesex County,

Massachusetts.  First Am. Compl. ¶¶ 11-12, 17.  Ligonde and five other officers filed charges

against the Sheriff's Office with the Massachusetts Commission Against Discrimination

---

[1] The motion as filed also sought to dismiss the First Amended Complaint as to Plaintiff James
Mitchell.  The parties have asked the court to rule on the motion to dismiss only as to Ligonde.

("MCAD") in 2007 claiming discrimination based on race.  Id. ¶¶ 9, 89.  They settled that action with the Sheriff's Office in 2008.  Id. ¶ 51.  As part of the settlement, the plaintiffs in that action were promoted.  Id. ¶¶ 28, 51.  Ligonde alleges that the Sheriff's Office embarked on a "systematic plan to eliminate each of the officers involved in the 2008 [MCAD action] over the course of several years by disparately enforcing [the Sheriff's Office's] policies and fabricating reasons to discipline and punish the officers involved."  Id. ¶ 58.

In 2011, Ligonde was suspended for sixty days, fined $10,000, and demoted from captain to corrections officer for his involvement in misconduct related to the selling of tickets to a political fundraiser and other "fabricated violations."  Id. ¶¶ 89, 132.  In June or July 2011, he was terminated for allegedly lying during an internal investigation into the sale of the tickets. Id. ¶¶ 12, 17.  Ligonde's white supervisor, who was also involved in the ticket selling misconduct, was suspended for thirty days, fined only $5,000, and was not demoted.  Id. ¶¶ 129-31.

Ligonde further alleges that other minority officers who participated in the MCAD action were subject to retaliation, race discrimination, and a hostile work environment.  See, e.g., id. ¶¶ 72-84, 93-97.  Ligonde additionally alleges that Caucasian members of the Sheriff's Office were treated leniently at the same time he was treated harshly.  Id. ¶¶ 99-124.

Ligonde commenced the instant action on July 14, 2015.

**III.** **Discussion**

a. Standard of review

In evaluating a motion to dismiss, the court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor."  Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006).  To survive dismissal, a complaint must contain sufficient factual material "to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 559 (2007)).  For dismissal to be

allowed on the basis of an affirmative defense, the facts establishing the defense must be

definitively ascertainable from the complaint and other allowable sources of information and

must suffice to establish the defense with certainty.  <u>See</u> <u>Ruiz-Sanchez v. Goodyear Tire &</u>

<u>Rubber Co.</u>, 717 F.3d 249, 252 (1st Cir. 2013).

> b.   <u>Ligonde's § 1983 and Breach of Contract Claims (Counts I and VII[2])</u>

Defendants move to dismiss Ligonde's § 1983 and breach of contract claims on the

ground that they are time-barred.  The statute of limitations for state law claims against the

Commonwealth, including personal injury and breach of contract, is three years after the cause of

action accrues.  <u>See</u> Mass. Gen. Laws ch. 260, § 3A; <u>Wong v. Univ. of Mass.</u>, 777 N.E.2d 161,

163 (Mass. 2002).  "As a general rule, federal courts borrow the limitations period for personal

injury actions and apply that period to section 1983 claims."  <u>Morris v. Gov't Dev. Bank of P.R.</u>,

27 F.3d 746, 748 (1st Cir. 1994).  The statute of limitations for § 1983 claims against the

Commonwealth therefore is also three years.

This court must look to federal law to determine when Ligonde's § 1983 claim accrued.

<u>See</u> <u>Martinez-Rivera v. Puerto Rico</u>, — F.3d —, No. 13-1772, 2016 WL 373867, at *4 (1st Cir.

Jan. 29, 2016); <u>Morris v. Gov't Dev. Bank of P.R.</u>, 27 F.3d 746, 748 (1st Cir. 1994).  Under

federal law, "accrual commences when a plaintiff knows, or has reason to know, of the

discriminatory act that underpins his cause of action."  <u>Morris</u>, 27 F.3d at 748-49 (citing <u>Chardon</u>

<u>v. Fernandez</u>, 454 U.S. 6, 8 (1981)).  "[I]n employment discrimination actions, limitations

periods normally start to run when the employer's decision is made and communicated to the

affected employee."  <u>Martinez-Rivera</u>, 2016 WL 373867, at *5 (quoting <u>Morris</u>, 27 F.3d at 750).

---

[2] The breach of contract count was mistitled as "Count VI" in the <u>First Amended Complaint</u>.

Here, Ligonde's cause of action accrued in June or July 2011, when he was terminated and was made aware of his termination.  First Am. Compl. ¶¶ 12, 17.  The statute of limitations for his § 1983 claim therefore ran out in June or July 2014, one year before he filed the instant action.

Ligonde argues that the statute of limitations should be tolled because his termination was not based on a single discriminatory action directed towards Ligonde but instead on a discriminatory policy of racial discrimination and retaliation against the officers who brought the MCAD charge.  Ligonde cites no authority for this distinction.  The First Circuit has "rejected the contention that [employment discrimination] claims do not accrue until the plaintiff knows of both the injury and the discriminatory animus."  Marrero-Gutierrez v. Molina, 491 F.3d 1, 6 (1st Cir. 2007) (concluding that statute of limitations began to run when plaintiff learned of his demotion and not when he learned of the discriminatory motives behind the discrete act); see also Martinez-Rivera, 2016 WL 373867, at *5 (rejecting argument that statute of limitations did not start to run until plaintiff learned of the discriminatory animus behind her termination).

Ligonde's breach of contract claim "accrue[d] at the time of the breach."  Campanella & Cardi Constr. Co. v. Massachusetts, 217 N.E.2d 925, 926 (Mass. 1966).  The alleged breach occurred in June or July 2011 when Ligonde was terminated, so his claim accrued at that time. The claim became time-barred three years later, in June or July 2014.  As with his § 1983 claim, his argument that the statute of limitations should be tolled because his termination was based on a discriminatory policy instead of a single discriminatory action does not save his claim.  For breach of contract claims, tolling is applicable only where the "plaintiff did not have, and could not have had with due diligence, the information essential to bringing suit."  Protective Life Ins. Co. v. Sullivan, 682 N.E.2d 624, 635 (Mass. 1997).  Ligonde had the information essential to bringing his breach of contract action when he learned of the alleged breach in June or July 2011.

For these reasons, the court dismisses counts I and VII.

      c.  <u>Ligonde's Title VII and Chapter 151B Claims (Counts II, III, IV, V, and VI)</u>

An employee with claims under Title VII and Chapter 151B must first exhaust administrative remedies before bringing suit in court.  <u>See</u> <u>Franceschi v. U.S. Dep't of Veterans Affairs</u>, 514 F.3d 81, 85 (1st Cir. 2008) ("Before an employee may sue in federal court on a Title VII claim, he must first exhaust his administrative remedies."); <u>Gasior v. Mass. Gen. Hosp.</u>, 846 N.E.2d 1133, 1140 (Mass. 2006) (stating that under Massachusetts law, plaintiffs "claiming unlawful discrimination must first exhaust their administrative remedies" (citing Mass. Gen. Laws ch. 151B, § 9)).  Ligonde admits that he did not exhaust his administrative remedies, and does not contest dismissal of his Title VII and Chapter 151B claims.  Therefore, the court dismisses counts II, III, IV, V, and VI.

## IV.    <u>Conclusion</u>

For the foregoing reasons, Defendants' <u>Motion to Dismiss</u> [#10] motion is ALLOWED. Ligonde's claims are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

February 24, 2016                      /s/ Indira Talwani
                                          United States District Judge